UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WISCONSIN PLASTICS, INC.,  )<br>  )<br>Defendant.  )<br>  )<br>_____) | Civil Action No. 1:14-cv-663<br><br>**COMPLAINT**<br>(Jury Trial Demand) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Hmong or Hispanic) and to provide appropriate relief to Joua Moua, Lee Xiong, Bao Her, Chia Lee, Chue Xiong, Chong Yang, Song Xiong, Phouvieng Chittavong, Dang Yang, Mai Moua, and Yang Vang (collectively "the Charging Parties"), and other similarly situated Hmong and Hispanic employees, all of whom worked for defendant Wisconsin Plastics, Inc. ("WPI")'s Modern Plastics division in Green Bay, Wisconsin. As alleged with greater particularity below, WPI violated Title VII when it fired the Charging Parties and other similarly situated Hmong and Hispanic employees based on their national origin (Hmong or Hispanic) because they lacked fluent English language skills that were unnecessary to do their jobs.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized by and instituted under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, WPI has continuously been a Wisconsin corporation doing business in Wisconsin and in the City of Green Bay and has continuously had at least 15 employees.

5. At all relevant times, WPI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. In or about January 2013, more than 30 days before the institution of this lawsuit, Joua Moua, Lee Xiong, Bao Her, Chia Lee, Chue Xiong, Chong Yang, Song Xiong, Phouvieng Chittavong, Dang Yang, Mai Moua, and Yang Vang each filed a charge with the EEOC alleging WPI had violated Title VII.

7. On August 19, 2013, the EEOC determined that there was reasonable cause to believe that WPI had violated Title VII, as amended, by firing the Charging Parties and other similarly situated Hmong and Hispanic employees based on their national origin.

8. The conciliation efforts required by law have occurred and were unsuccessful:

(a) On August 19, 2013, the EEOC issued a "Determination" letter inviting WPI to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to the Charging Parties and other similarly situated Hmong and Hispanic employees.

(b) On November 5, 2013, the EEOC issued a letter advising WPI that, despite its efforts, the EEOC was unable to secure from WPI a conciliation agreement acceptable to the EEOC.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least October 2012, WPI has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). WPI engaged in such practices, through members of its management, by firing the Charging Parties and other similarly situated Hmong and Hispanic employees based on their national origin, Hmong or Hispanic, because they lacked fluent English language skills that were unnecessary to do their jobs:

(a) On October 30, 2012, WPI fired eleven employees, all of them Hmong, and each of them having a record of satisfactory performance, after subjecting each of them to a sham performance improvement plan based on a single ten-minute observation pointing out their lack of English language skills that were unnecessary to do their jobs.

(b) On November 30, 2012, WPI fired eleven more employees, eight of them Hmong and three of them Hispanic, and each of them having a record of satisfactory performance, after subjecting each of them to a sham performance improvement plan based on a single ten-minute observation pointing out their lack of English language skills that were unnecessary to do their jobs.

(c) Most Hmong and Hispanic employees fired as alleged in Paragraphs 10(a) and (b), above, were replaced by non-Hmong and non-Hispanic employees, respectively.

3

11. The effect of the practices complained of in paragraph 10 above has been to deprive the Charging Parties and other similarly situated Hmong and Hispanic employees of equal employment opportunities, and to otherwise adversely affect their status as employees, because of their national origin.

12. The unlawful employment practices complained of in paragraph 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and other similarly situated Hmong and Hispanic employees.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining WPI and its divisions, subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect his or her status as an employee because of his or her national origin, and from engaging in any employment practice which discriminates on the basis of national origin.

B. Order WPI to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hmong and Hispanic employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order WPI to make each one of the Charging Parties and each one of the other similarly situated Hmong and Hispanic employees whole by providing appropriate backpay with pre-judgment interest, in amounts to be determined at trial, rightful-place reinstatement, front

pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraph 10 above.

    D.    Order WPI to make each one of the Charging Parties and each one of the other similarly situated Hmong and Hispanic employees whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order WPI to pay each one of the Charging Parties and each one of the other similarly situated Hmong and Hispanic employees punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
    131 M Street, N. E.
    Washington, D.C. 20507

    John C. Hendrickson
    Regional Attorney

5

Case 1:14-cv-00663-WCG   Filed 06/09/14   Page 5 of 6   Document 1

                                      Jean P. Kamp
                                      Associate Regional Attorney

Dated: June 9, 2014          s/César J. del Peral
                                      César J. del Peral
                                      Trial Attorney

                                      EQUAL EMPLOYMENT OPPORTUNITY
                                             COMMISSION
                                      MILWAUKEE AREA OFFICE
                                      310 WEST WISCONSIN AVENUE
                                      SUITE 500
                                      MILWAUKEE, WISCONSIN 53202
                                      *Telephone*: (414) 297-1114
                                      *Fax:*       (414) 297-3146
                                      *E-mail*:   john.hendrickson@eeoc.gov
                                      *E-mail*:   jean.kamp@eeoc.gov
                                      *E-mail*:   cesar.delperal@eeoc.gov