UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 1-14:cv-00663 |
| and | )<br>)<br>) |
| JOUA MOUA, *et al.*, | )<br>) |
| Plaintiff-Intervenors, | ) **CONSENT DECREE AND ORDER** |
| v. | )<br>)<br>) |
| WISCONSIN PLASTICS, INC., | )<br>) |
| Defendant. | )<br>) |

## INTRODUCTION

The U.S. Equal Employment Opportunity Commission ("EEOC") has filed a Complaint captioned *EEOC v. Wisconsin Plastics, Inc.*, Case No. 1-14:cv-00663, alleging that Wisconsin Plastics, Inc. ("WPI") discriminated against eleven named individuals and a group of similarly-situated employees by firing them based on their national origin (Hmong and Hispanic) in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The eleven individuals named in the Complaint – Joua Moua, Lee Xiong, Bao Her, Chia Lee, Chue Xiong, Chong Yang, Song Xiong, Phouvieng Chittavong, Dang Yang, Mai Moua, and Yang Vang ("Plaintiff-Intervenors") – subsequently retained counsel and intervened in this case raising claims that WPI discriminated against each of them by firing them based on their race and national origin (Asian and Hmong) in violation of Title VII and 42 U.S.C. §1981 ("Section 1981"). The EEOC identified the group of Hmong and Hispanic employees described in its Complaint as "similarly-situated" to the eleven named Plaintiff-Intervenors, and for purposes of

this Consent Decree and resolution of the EEOC's Complaint they are: Kao Xiong, Houa Lee, Dora Villalobos, Nalani (formerly known as Chor) Lee, Houa Lee Vang, Mee Vang Xiong, Luz Hernandez, and Ka Lee ("Non-Intervenors"). Plaintiff-Intervenors and Non-Intervenors are hereafter referred to collectively as "Claimants". WPI filed Answers to the Complaints filed by the EEOC and by the Plaintiff-Intervenors, and denied each and every allegation of wrongdoing.

In agreeing to this Decree, the EEOC, WPI, and Plaintiff-Intervenors engaged in arms' length negotiations and a significant exchange of information. They obtained enough information to assess reliably the relative merits of the claims and defenses. Throughout this process, counsel knowledgeable in this area of the law represented the EEOC, WPI, and Plaintiff-Intervenors.

Nothing in this Decree constitutes an admission by any party as to the claims or defenses of any other party.

**THEREFORE**, upon the consent of the Parties and its own review, the Court **APPROVES** these terms:

## I. JURISDICTION, FINDINGS AND DEFINITIONS

A. **JURISDICTION**

1. This Court has jurisdiction over the parties and subject matter of this action.
2. The Court shall retain jurisdiction of this action during the duration of this Decree for purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

B. **FINDINGS**

This Court finds, based on the pleadings, on the record as a whole, and upon the agreement of the Parties, that: (i) implementing this Decree will carry out the requirements of Title VII, (ii) this Decree constitutes a fair and equitable settlement of the claims raised by the

EEOC and the Plaintiff-Intervenors, and (iii) this Decree is intended to and does resolve all such claims as if they were resolved by trial.

**C. DEFINITIONS**

1. "WPI" means Defendant Wisconsin Plastics, Inc.'s entire operations and facilities.

2. "EEOC" means the United States Equal Employment Opportunity Commission.

3. "Plaintiff-Intervenors" means:

    a. Joua Moua, who filed Charge No. 443-2013-00471C;

    b. Lee Xiong, who filed Charge No. 443-2013-00472C;

    c. Bao Her, who filed Charge No. 443-2013-00473C;

    d. Chia Lee, who filed Charge No. 443-2013-00474C;

    e. Chue Xiong, who filed Charge No. 443-2013-00475C;

    f. Chong Yang, who filed Charge No. 443-2013-00476C;

    g. Song Xiong, who filed Charge No. 443-2013-00477C;

    h. Phouvieng Chittavong, who filed Charge No. 443-2013-00478C;

    i. Dang Yang, who filed Charge No. 443-2013-00480C;

    j. Mai Moua, who filed Charge No. 443-2013-00481C; and

    k. Yang Vang, who filed Charge No. 443-2013-00513C.

4. "Non-Intervenors" means:

    a. Kao Xiong, who filed Charge No. 26G-2013-01391C;

    b. Houa Lee, who filed Charge No. 26G-2013-01403C;

    c. Dora Villalobos, who filed Charge No. 26G-2013-01390C;

    d. Nalani (formerly known as Chor) Lee, who filed Charge No. 26G-2013-01417C;

  e.  Houa Lee Vang, who filed Charge No. 26G-2013-01389C;

  f.  Mee Vang Xiong, who filed Charge No. 26G-2013-01402C;

  g.  Luz Hernandez, who filed Charge No. 26G-2014-00065C; and

  h.  Ka Lee, who filed Charge No. 26G-2013-01388C.

5. "Claimants" means Plaintiff-Intervenors and Non-Intervenors.

6. "Parties" means WPI, the EEOC, and Plaintiff-Intervenors jointly.

7. "Effective Date" means the date upon which the District Court approves this Decree.

8. "Action" means the suit the EEOC brought against WPI titled *EEOC v. Wisconsin Plastics, Inc.*, Case No. 1:14-cv-00663, and includes, but is not limited to, claims raised by Plaintiff-Intervenors and claims raised by the Claimants in the administrative charges identified in sections I.C.3 and 4, above.

## II. SCOPE AND DURATION OF THE CONSENT DECREE

**A**. This Decree shall become effective immediately upon the Effective Date and shall remain in effect for 2 years from the Effective Date, extendible only for good cause.

**B.** This Decree shall be binding on and enforceable against WPI and its successors and assigns.

**C.** Nothing in this Decree shall be construed to limit or reduce WPI's obligation to comply fully with Title VII or any other federal employment statute.

**D.** This Decree constitutes final resolution of the claims in EEOC's Complaint and the claims in Plaintiff-Intervenors' Complaint, and constitutes final resolution of all the charges listed in Sections I.C.3 and 4, above.

**E.** This Decree shall not affect the EEOC's right to bring, process, investigate, or litigate other charges that may currently be pending before it or which may later arise against WPI.

**F.** Upon expiration of this Consent Decree, the Court shall dismiss the Action with prejudice.

### III. DECREE ENFORCEMENT

**A**. If WPI breaches this Decree, EEOC may seek to enforce it via motion for contempt consistent with the applicable standard of proof. Before so moving, the EEOC shall notify WPI and its counsel of record, in writing, of the dispute's nature and identify the provision(s) of this Decree that WPI allegedly breached. Absent showing that delay will cause irreparable harm, WPI shall have 28 days from notice receipt ("Dispute Resolution Period") to resolve or cure the breach. The Parties shall cooperate and use their best efforts to resolve any dispute.

**B**. After the Dispute Resolution Period expires, the EEOC may file the motion for contempt in this Court, seeking all available relief or remedies, including extension of the Decree's duration to correlate with such time as WPI is shown to be in breach of it, and other relief the Court deems appropriate.

### IV. MONETARY RELIEF

**A.** WPI shall pay the Plaintiff-Intervenors and the Non-Intervenors the aggregate amount of $475,000 in full and final resolution of this Action. Allocation of this monetary award among the Claimants shall be determined solely by the EEOC and by counsel for Plaintiff-Intervenors. Amounts received by the Claimants shall be treated as back wages. The EEOC shall prepare a list of the names and addresses to which the monetary relief to the Plaintiff-Intervenors and Non-Intervenors should be delivered ("Distribution List"). Except where otherwise indicated on the Distribution List, the checks payable to the Plaintiff-Intervenors shall be delivered to counsel for the Plaintiff-Intervenors.

**B.** Within 14 days of the Effective Date, the EEOC shall forward to WPI's counsel a copy of the Distribution List.

**C.** Within 28 days of receiving the Distribution List, WPI shall forward, via certified mail, checks made payable to Claimants in the amounts set forth in the Distribution List less the Claimants' share of applicable withholding.  WPI shall make appropriate reports to the Internal Revenue Service and any other applicable taxing authorities. WPI shall be solely responsible for any costs associated with the issuance and distribution of the settlement checks and all appropriate tax reporting forms to each of the Claimants.

**D.** WPI and counsel for Plaintiff-Intervenors have successfully negotiated separately an agreement regarding payment of Plaintiff-Intervenors' attorneys' fees.

**E.** Within 5 business days of issuing the settlement checks to the Claimants, WPI shall submit a copy of each check, check stub, and related correspondence to the EEOC.

## V.  **GENERAL INJUNCTIVE RELIEF**

**A.** WPI, its successors and assigns, shall not discriminate against persons on the basis of national origin in the discharge, termination, or terms and conditions of employment.

**B.** WPI, its successors and assigns, and all those in active concert or participation with them, or any of them, at any facility WPI owns or operates, shall not engage in, implement or permit any action, policy or practice with the purpose or effect of retaliating against any current or former employee or applicant of WPI because he or she has in the past, or during the term of this decree: (a) opposed any practice Title VII makes illegal; (b) filed a charge alleging such practice with a federal or state law enforcement agency; (c) testified or participated in any way in any investigation (including any internal investigation by WPI) or proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness, claimant or potential victim of discrimination and/or retaliation in this action or the preceding

administrative investigation; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

## VI. SPECIFIC INJUNCTIVE RELIEF

### A. CLAIMANT-SPECIFIC RELIEF

Within 28 days of the Effective Date, WPI shall:

1. To the extent WPI must keep records of the charges of discrimination or the Claimants' involvement in this Action to effectuate this Decree, it shall maintain any such records separately from their personnel files;

2. Refrain from providing negative references and limit employment reference inquiries to verifying whether the identified Claimant was employed by WPI and the time period(s) of such employment; and

3. Change any and all personnel records reflecting a termination of any Claimant to a voluntary resignation and remove from his or her personnel files (1) all negative complaints, reports, criticisms, and any other documents reflecting negatively on his or her job performance placed into his or her files at any point between July 1, 2012, and December 31, 2012, and (2) any references to the charge of discrimination filed against WPI or to this Action.

### B. POSTING AND PUBLICATION

1. Within 14 days of the Effective Date, WPI shall post and cause to remain posted, at all facilities, the posters 29 C.F.R. §1601.30 requires to be displayed in the workplace.

2. Within 14 days of the Effective Date, WPI shall post and for the term of this Decree cause to remain posted **Exhibit A** (attached hereto), at all of its facilities, in a clearly visible place where employee notices are typically posted.

C. <u>TRAINING</u>

1. Within 45 days of the Effective Date, and annually thereafter for the length of the Decree, all WPI employees shall attend an in-person or live training program lasting at least 1 hour, conducted by a qualified outside organization(s) or person(s).

2. The training shall cover the following subjects: (1) equal employment opportunity rights and responsibilities, (2) discrimination, (3) retaliation, (4) WPI's policies and procedures for reporting and handling complaints of discrimination and retaliation, and (5) trainees' responsibilities under Title VII and state law.

D. <u>RECORDKEEPING</u>

1. WPI shall maintain records that track all terminations (voluntary or involuntary) and hirings. Those records shall include, at least, the following information for each terminated or hired employee: (a) identity; (b) position; (c) national origin (to the extent known); and (d) dates of hire and termination.

2. WPI shall maintain records that track all complaints of illegal discrimination or illegal retaliation of any type by any WPI employee. The records shall include, at least, the following information for each complaining employee: (a) identity; (b) position; (c) national origin; (d) date of hire and termination; (e) reason(s) for termination; (f) the nature of the allegations in the complaint; (g) the complaint's date; (h) the alleged perpetrator(s)'s position and name; and (i) the results of the investigation including a description of any determination made.

3. WPI shall compile the records identified in the preceding Sections into a Bi-Annual Report.[1] WPI shall keep copies of each Report for the term of this Decree.

---

[1] If no result or determination has been reached for a given complaint or investigation at

4. WPI shall also maintain the following records for the term of the Decree:

   i. All documents generated in connection with any complaint, investigation, or resolution of a complaint of illegal discrimination or illegal retaliation;

   ii. All documents verifying the occurrence of all training sessions this Decree requires, including the names and positions of all attendees for each session;

5. WPI shall make the aforementioned records available to an EEOC representative, within 10 business days after WPI's receipt of written notice, at any time during this Decree's term. Upon such notice, WPI shall allow EEOC representatives to review WPI's compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on its premises, inspecting its premises, or attending any training session held pursuant to the terms of this Decree.

E. <u>REPORTING</u>

To demonstrate its compliance with this Decree, WPI shall submit to the EEOC:

1. Within 60 days of the Effective Date, an Initial Report containing:

   i. A statement confirming that all required notices of this Decree's terms have been posted in WPI's facilities;

   ii. WPI's current anti-discrimination and anti-retaliation policies;

   iii. Confirmation that all employees received copies of the policies;

   iv. Signed copies of all Bi-Annual Reports provided in Section VI.D.3 that have been completed by the time of the Initial Report under this Section;

   v. Confirmation that the Injunctive Relief in Section VI.A of this Decree has been carried out; and

---

the time the Bi-Annual Report is due, the result shall be included in the next Bi-Annual Report.

vi. A copy of the training materials used in all training sessions required under this Decree that occurred prior to the initial reporting period.

2. After the Initial Report, WPI shall provide the EEOC Bi-Annual reports including:

i. Confirmation that all posting and notices this Decree requires have been or continue to be posted;

ii. Confirmation that any injunctive relief implemented since the time of the Initial Report has in fact been complete during the preceding reporting period;

iii. Signed copies of all Bi-Annual Reports created pursuant to Section VI.D.3 during the preceding reporting period;

iv. Confirmation and identification of all training sessions administered pursuant to this Decree that occurred during the reporting period; and

v. Identification of the person(s) and/or organization(s) conducting all training programs during the reporting period.

## VII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

WPI shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## VIII. COSTS

Except as provided in Section IV.D., above, all parties shall bear their own respective costs.

## IX. MISCELLANEOUS PROVISIONS

Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of César J. del Peral, Trial Attorney, U.S. Equal

Employment Opportunity Commission, Milwaukee Area Office, 310 West Wisconsin Avenue, Suite 500, Milwaukee, WI 53203.

|  |  |
|---|---|
|  | **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>ATTORNEYS FOR COMPLAINANTS |
| Dated: May 24, 2017 |  |
|  | *s: Gregory Gochanour*<br>Gregory Gochanour<br>Regional Attorney |
| Dated: May 18, 2017 | *s: Jean P. Kamp*<br>Jean P. Kamp<br>Associate Regional Attorney<br><br>Chicago District Office<br>500 West Madison Street - Suite 2000<br>Chicago, IL 60661<br>*Telephone*: (312) 869-8116<br>*E-mail*: gregory.gochanour@eeoc.gov<br>*E-mail*: jean.kamp@eeoc.gov |
| Dated: May 18, 2017 | *s: Cesar J. del Peral*<br>César J. del Peral<br>Senior Trial Attorney<br><br>Milwaukee Area Office<br>310 West Wisconsin Avenue - Suite 500<br>Milwaukee, WI 53203-2292<br>*Telephone*: (414) 297-1114   *Fax*: (414) 297-3146<br>*E-mail*: cesar.delperal@eeoc.gov<br><br>**LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**<br>ATTORNEYS FOR DEFENDANT |
| Dated: May 22, 2017 | *s: Ross W. Townsend*<br>Ross W. Townsend<br>Law Firm of Conway, Olejniczak & Jerry, S.C.<br>231 South Adams Street<br>Green Bay, Wisconsin 54301-4513<br>*Telephone*: (920) 437-0476   *Fax*: (920) 437-2868<br>*E-Mail*: rwt@lcojlaw.com |

**GILLICK, WICHT, GILLICK & GRAF, S.C.**
ATTORNEYS FOR PLAINTIFF-INTERVENORS

Dated: May 18, 2017            *s: Sandra G. Radtke*
                               Sandra G. Radtke
                               Gillick, Wicht, Gillick & Graf, S.C.
                               6300 West Bluemound Road
                               Milwaukee, Wisconsin 53213-4147
                               *Telephone*: (414) 257-2667    *Fax*: (414) 257-9297
                               E-Mail: sradtke@gillickwicht.com

**SALAWDEH LAW OFFICE, LLC**
ATTORNEYS FOR PLAINTIFF-INTERVENORS

Dated: May 18, 2017            *s: Rebecca L. Salawdeh*
                               Rebecca L. Salawdeh
                               Salawdeh Law Office, LLC
                               7119 West North Avenue
                               Wauwatosa, Wisconsin 53213-1810
                               *Telephone*: (414) 455-0117    *Fax*: (414) 918-4517
                               E-Mail: rebecca@salawdehlaw.com

2590132_2

**IT IS SO ORDERED.**

Dated: May 25, 2017            s/William C. Griesbach
                               William C. Griesbach, District Judge
                               United States District Court